AARON BLONDER, trading as RED CROSS SHOES, complainant-respondent,

*v.*

UNITED RETAIL EMPLOYES OF NEWARK, NEW JERSEY, LOCAL No. 108, affiliated with the C. I. O., ROBERT BROWN, EUGENE FREUND, DANIEL RAFAELE, JACK REBACK, MEYER FAGAN and SAMSON ELERBEE, JR., defendants-appellants.

[Argued February term, 1941.   Decided May 1st, 1941.]

*Mr. Harold Forgang (Mr. Edward R. McGlynn,* of counsel), for the complainant-respondent.

*Mr. Samuel L. Rothbard,* for the defendants-appellants.

PER CURIAM.

This is an appeal from a final injunction issued by the Court of Chancery restraining the appellants, United Retail Employes of Newark, New Jersey, Local No. 108, affiliated with the C. I. O., Robert Brown, Eugene Freund, Daniel Rafaele, Jack Reback, Meyer Fagan and Samson Elerbee, Jr., from acts of picketing the complainant's premises and from ordering, commanding, directing or persuading any person or persons to violate the said injunction.   There are other acts enjoined, *e. g.,* interfering with or obstructing complainant's business  *  *  *  by injuring or interfering with customers, employes or officers, &c., but as to this part of the

injunction there is no proof that such acts were done. As a matter of fact, the learned Vice-Chancellor so found. In his opinion it is said that the picketing was not accompanied by violence but that the pickets, by word of mouth and the use of signs and handbills, attempted to influence customers and patrons of the complainant not to trade at the store and to buy elsewhere. The restraining of acts of violence which were not proved should have no place in the decree (*E. L. Kerns Co.* v. *Landgraf, 128 N. J. Eq. 441*).

The decree under review in its remaining parts is ruled by our judgment as expressed in the opinion *Feller* v. *Local 144, &c., 129 N. J. Eq. 421.*

The decree is reversed.

*For affirmance*—None.

